FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2016 DEC -8 AM 9:42
JEFFREY P. COLWELL
CLERK
BY_____DEP. CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **16-CV-03002**
(To be supplied by the court)

Plaintiff
Ili Bartok-Bennett

v.

Defendant.
Pulte Mortgage, Inc.

---

## TITLE VII COMPLAINT

---

### PARTIES

1. Plaintiff <u>Ili Bartok-Bennett</u> is a citizen of <u>United States</u> who presently resides at the following address:
   <u>1001 Hanover Street- Aurora, Co 80010</u>

2. Defendant <u>Pulte Mortgage, Inc.</u> lives at or is located at the following address:
   <u>7390 So. Iola Street- Englewood, CO 80112</u>

Attach a separate page, if necessary, to list additional parties.

### JURISDICTION

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. '2000e-5.

4. Defendant is an employer within the meaning of Title VII.

5. The alleged unlawful employment practices took place at the following location:
   <u>7390 So. Iola Street-Englewood, CO80112</u>

(Rev. 07/06)

6. Jurisdiction also is asserted pursuant to the following statutory authority:
   Federal Law

## ADMINISTRATIVE PROCEDURES

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency on March 10, 2016 (date) regarding the alleged discriminatory conduct by Defendant(s).

8. Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on October 13, 2016 (date). (Please attach to the complaint a copy of the Notice of Right to Sue.)

## NATURE OF THE CASE

9. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

   \_\_\_\_\_ Race  \_\_\_\_\_ Color  \_\_\_\_\_ Religion

   \_\_\_\_\_ Sex  \_\_\_\_\_ National Origin

   \_\_X\_\_ Other (please specify)  AGE

10. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

    \_\_\_\_\_ Failure to hire

    \_\_X\_\_ Failure to promote

    \_\_X\_\_ Demotion/discharge from employment

    \_\_X\_\_ Other (please specify) Failure to pay bonus incentives, refusal to allow third party representation (requested numerous times), failure to provide RESPA and TILA required documentation after submission of employee loan application (questionnaire)

<mark>
<mark>
</mark>
</mark>

# FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages. Alternatively, you may attach to the complaint a copy of the charge of discrimination you submitted to the Equal Employment Opportunity Commission

Intentional cover up of Discrimination and Retaliation by Pulte Mortgage Management
Violations of Fair Labor Standards Act
Violations of Weingarten Rights

From the beginning of discussions of employment (with Kristin Hinds), up to day of wrongful termination, Pulte Mortgage, Inc. has in my opinion used "Bait and Switch" tactics to justify cover-up of knowledge of discrimination, harassment, retaliation, violations of Federal Labor Standards Act and violation of Weingarten Rights by management.

In effort to reduce costs Attached Exhibits 1-14 (all pages), supporting factual allegations are explained in brief detail.

Supporting Factual Allegations-Attached Exhibits 1-14 all pages.

<u>Exhibit 1 pages 1-16</u>, EEOC Charge, EEOC Right to Sue Letter, Reports of ongoing Discrimination and Retaliation. Time Line of events up to June 17, on pages 9-10. Report of day of wrongful termination July 8th, 2016, pages 14-16.

<u>Exhibit 2 pages 1-17</u> Pulte Position Statement by John F. Birmingham, Jr. Foley & Lardner, Response to Position Statement by Ili Bartok-Bennett, copy of pages of Pulte Employment Handbook relating to reporting workplace threats violence, discrimination and harassment.
There are numerous discrepancies in the position statement and subsequent documentation submitted by Mr. Birmingham some but not all are addressed below:
1. Exhibit 2 pages 7-8 of the employee hand book that I submitted to the EEOC, were in effect at the time of the initial discriminatory meetings on March 9th, Exhibit 3 pages 2 & 3. Date documentation of the notification of changes made to the employee handbook regarding "Reporting and Complaint Procedures" Exhibit 2 page 2, addressed in the Position Statement by Mr. Birmingham, Jr., were emailed on May 12, Exhibit 2 page 9, after the fact. In my opinion Mr. Birmingham Jr. and Pulte Mortgage are trying to cover-up discrimination & retaliation by management. I was following Pulte Mortgage Employee handbook policy to report workplace treats, violence, discrimination and harassment per the employee handbook in effect at the time of the incident on March 9th Exhibit 2 pages 7&8.
2. Mr. Birmingham, Jr. submitted the "Investigative Notes by Ms. Torrisi-

(Rev. 07/06)

    Cartwright Exhibit 5 pages 2-5 and Mr. Waypa, Director of Human Resources West Area Exhibit 6 pages 1-7 to the EEOC. I was not given the "Investigative Notes", although I requested them from both Ms. Torrisi- Cartwright on March 21, Exhibit 5 page 15 and from Mr. Waypa Exhibit 6 page 17-19 Per Exhibit 5 page 15, Ms. Torrisi-Cartwright's email states " I have not created any report". In addition, Ms. Torrisi-Cartwright continued trying to circumvent my reporting the discriminatory incident to any other parties Exhibit 5 pages 8-18.

3. The "Incident Report Date" on both Investigative Notes is incorrect, the incident was reported to Ms. Torrisi-Cartwright prior to meeting with her on March 16, Exhibit 5 page 1, not on March 28th as indicated on Mr. Torrisi-Cartwright and Mr. Waypa's Investigative Notes.
There are other numerous discrepancies in the Position Statement presented to the EEOC on May 9, 2016 by Mr. Birmingham, Jr. I have requested to present in detail to the court at the end of this First Claim Document.

Exhibit 3 pages 1-3 email confirmation of one of the meetings on March 9, where I was discriminated and threatened over a "Policy" regarding state testing that did not exist as confirmed by Leslie Devera-Duncan Exhibit 3 page 3.

Exhibit 4 pages 1-3 emails day prior to wrongful termination, documenting direct causal connection between a protected activity and adverse employment action suffered. I was terminated on July 8, 2016 at 10:30 am. Note email Exhibit 4 page 3, addressing "Trust" in email from Jennifer Metzger. I did not trust Ms. Metzger or Ms. Devera- Duncan after the discrimination, humiliation and repeated retaliation they subjected me to for over 5 months. That is why I requested "Third Party Representation" numerous times at all meetings with Ms. Metzger and Ms. Devera-Duncan. Requests were denied.

Exhibit 5 pages 1-17 "Investigative Notes" by Ms. Torrisi-Cartwright, some issues addressed under Exhibit 2.
Exhibit 5 pages 1, 4,16 & 18 document violation of Weingarten Rights.

Exhibit 6 pages 1-22 "Investigative Notes by Mr. Mark Waypa, some but not all issues addressed under Exhibit 2. Exhibit 6 pages 1,3,7, document knowledge of violation of Weingarten Rights. Exhibit 6 page 3 addresses the National test, which I passed it was the state tests, only 5 states required testing at a recognized testing facility. Exhibit 6 page 2, addresses that payment for multiple state exams where not disclosed to me when I accepted the offer of employment as Loan Consultant. Exhibit 6 page 3 paragraph 2 states "Certain states require testing and Pulte pays for those exam fees", Mr. Waypa goes on to state in paragraph 3 "She did verify that the long-standing practice has been that if someone fails the test twice, then they are required to schedule and pay for the third attempt, but reimbursed if they pass" Mr. Waypa goes on to state in paragraph 3 sentence 3 in part states" Leslie had decided that they would make an exception to the practice and allow Ili to schedule the exam and Pulte would pay for it". There can be no

(Rev. 07/06)

exception to a policy that did not exist and I was not informed about prior to accepting the position of Loan Consultant. A policy that I extensively tried to locate, before being told there wasn't any policy addressing state testing, termination if test is not passed or having to pay for state testing. I passed the SAFE test and had acquired two state licenses at the meeting on March 9th, 2016. Pages 9,14,15,17 addresses the violation of the Fair Labor and Standards Act per the Loan Consultant Incentive Agreement.

Exhibit 7 pages 1-3 Warning after reporting discrimination, retaliation and harassment to the EEOC and Pulte HR managers page 1-2 My response to unjustified Warning page 3 and another request for "Third Party Representation" which up to termination was denied by Pulte Mortgage management.

Exhibit 8 pages 1-25 Bonus request to Kelly Wright page1. Document of date of "official" move to Kelly Wright's team, May 25. Loan Consultant Inventive Plan 2015/2016 updated August 20. 2015, stated under the heading "Eligibility, is extended to all regular full-time employees who have received at least one state license in the following job title: Loan Consultant". Documentation that Pulte Mortgage violated the Fair Labor and Standards Act. Subsequent pages in Exhibit 8 document completed Loan Consultant training, performance development plan (meeting expectations), 2016 Loan Consultant Incentive Plan, updated June 14, 2016, List of Closed loans by borrowers last name page 21. I was only paid for 2 loans out of 8 closed, no other tier incentives paid only the $25 per loan closed and $500, one out of three $500 payments to be paid per Loan Consultant Incentive. Additional documents in Exhibit 8 are my loan consultant performance summary, one year award and Loan Consultant job description, no adverse documents were received regarding performance, none addressed in emails, although continued emails addressed proficiency issues. The PDP was conducted by Ms. Metzger on her own, there was no meeting to discuss the PDP before she completed it. Ms. Metzger sent an email when the PDP was completed page 12.Ms. Metzger, Ms. Devera-Duncan and Mr. Wright had ample time to address any performance issues prior to my closing 8 loans and not being compensated as other Loan Consultants were. I have no knowledge of any other Loan Consultants having proficiency issues, being denied bonus compensation for loans closed.

Exhibit 9 pages 1-14 Documents address state testing, requests for "Third Party Representation, number of licenses required "typically" at the sole discretion of Ms. Jennifer Metzger not Pulte policy. Documentation of request to move to another team as other younger loan consultants were allowed even after they had failed the Florida test twice. They were not unjustly detained in the training bay and they were collecting their Loan Consultant Incentives when I was not. Other Loan Consultants were moved from their team and not demanded to take the Florida test again after failing twice and told they would have to pay for the test until July, when I was terminated. I did not refuse to take the test Exhibit 4 page

<u>Exhibit 10 pages 1-13</u> Documentation regarding requests to move to another team, state testing question, asking about options if I do not pass Florida test. Page 2, Jennifer Metzger states "As I have previous mentioned another state is not an option". Page 3,4 addressing non-existent rule, again. Page 4 notification to Jennifer Metzger of the 6 rush files I was originating March 7. Why was I allowed to originate Rush files if I was not proficient at my job and if there was no intention of paying me the bonus incentives for the files I closed? I believe this was further retaliation by Ms. Metzger and Ms. Devera-Duncan. Pages 12 & 13. Enclosed in Exhibit 10 pages 12 & 13 id correspondence with Kristin Hinds Title" Pulte Mortgage/ PGP Title". All phone conversations at Pulte Mortgage are recorded. I have requested the recorded conversations with Kristin Hinds to prove that Ms. Hinds did not address any costs associated with the position of Loan Consultant, no recordings have been provided.

<u>Exhibit 11 pages 1-3</u> Document retaliation in not receiving place cards for interviews.

<u>Exhibit 12 pages 1-5</u> Requests for payment of bonus incentives then denied by Nicole Sandoval pages 1-3, in violation of the Fair Labor and Standards Act. Page 4 is the Loan Consultant Incentive breakdown after termination. Page 5 is a copy of another Loan Consultant's Incentive breakdown which shows discrepancy in payments.

<u>Exhibit 13 pages1-3</u> Emails supporting violation of the Real Estate Settlement and Procedures Act (RESPA) REG X and Truth-in Lending Act (TILA) REG Z Listed under Second Claim for Relief

<u>Exhibit 14 pages 1-2</u> Blogs about Pulte Mortgage, on employment site, Glassdoor addressing: Discrimination, terrible management, racism, non-diversified workforce, oppressive management, statement "They lied about the job", unfair treatment and questionable practices.

I respectfully ask the court to allow additional details of factual allegations, not explained in detail, allowed to be addressed to the court in future proceedings.

I respectfully ask the court to allow details of damages to include but not limited to including loss of income, loss of bonus income loss of benefits, stress, loss of State License (Georgia), loss of 401K plan match and more to be addressed to the court in detail at future proceedings.

Respectfully,
Ili Bartok-Bennett

*Ili Bartok-Bennett*

(Rev. 07/06)

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

### Violation of The Real Estate Settlement Procedures Act (RESPA) REG X and Truth-in Lending Act (TILA) REG Z

Explanation and time line of Pulte Mortgage/Pulte Group Violation of the Real Estate Settlement Procedures Act (RESPA) REG X and Truth-in Lending (TILA) REG Z pertaining to my application for a Mortgage Loan, while an employee of Pulte Mortgage. In my opinion I was treated differently than other employee loan applicants requesting a residential loan, in retaliation for filing and reporting age discrimination and retaliation by upper management.

I submitted a questionnaire for conditional credit approval for an employee loan to Mr. Christopher Paul Pannier, NMLS# 150225, on April 12 ,2016. Mr. Pannier was at the time, one of the designated loan originators working on employee residential loans. One of the reason I applied for a Pulte Mortgage residential loan purchase was that Pulte Mortgage offers special loan incentives for employees.

1. The loan application questionnaire, I submitted included my name, social security number, monthly income (base), amount of loan requested, value of property, the address of the property (Four Digit Community ID) was listed as To Be Determined (TBD). In Colorado, (Realtors will not submit a contract for a home purchase without a lenders Conditional Credit Approval nor will Pulte Homes begin building a home without the conditional credit approval. The six pieces of necessary information per RESPA were listed on the loan application (Loan Questionnaire) for Loan Originator Christopher Pannier to provide all documents required by law. I did not receive any of the required RESPA documents.
2. Mr. Pannier, I assumed transferred the questionnaire to an application, as is protocol into the Pulte propriety system, I assume my application was submitted to an underwriter for conditional approval and requirements for loan approval. The system automatically generates the RESPA disclosures, required by law. All disclosures required by law are to be submitted to borrower(s) for signature (s) within 3 days per RESPA Reg X and TILA Reg Z. RESPA requires lenders and servicers to provide borrowers with pertinent and timely disclosures regarding the nature and costs of a real estate settlement process, I did not receive any documents to sign, or the required booklet. Mr. Pannier and I discussed what he felt I would need to submit for proof of gift funds. It appears Mr. Pannier spoke with a Tammy. I assumed Tammy was the underwriter that my loan application was submitted to. Mr. Pannier also pulled a credit report.
    Mr. Pannier did not discuss any specific underwriter conditions with me. No requests were made for bank statements or other necessary documentation. It is my opinion that Mr. Pannier did not follow the law regarding my residential loan application as he did for other employees.
3. I did not receive any underwriter requirements, no RESPA disclosures were provided and no booklet was provided. Please see email to Mr. Pannier Exhibit 13 (pages 1-3)

In my opinion Mr. Pannier deliberately and willfully violated the Real Estate Settlement Procedures Act and Truth-In-Lending Act in retaliation for filing EEOC complaint and internal reports of harassment, retaliation and age discrimination. In my opinion Mr. Pannier NMLS # 150225, contacted Ms. Jenifer Metzger, NMLS # 20307 and Ms. Leslie Devera-Duncan NMLS#1791, regarding verification of my salary

(Rev. 07/06)

and employee retention. It is my opinion that Pulte Mortgage/ Pulte Group had no intention of retaining my employment, which is not and should not be considered an excuse for Pulte Mortgage violating Federal Laws. It is my opinion that Mr. Pannier, Ms. Metzger and Ms. Devera-Duncan violated RESPA and TILA requirements pertaining to my loan application in retaliation. Some but not all the violations are listed below:

12CFR 1024.6, No booklet was given
12CFR 1024.7 € & (i)
12 CFR 1024.7 (f)
1024.2 (b)
1024.7 (f) (1) & (f) (2)
12CFR 1024.15
12 CFR 1024.17
12 CFR 1024.30/ 12 CFR 1024.32 (b)/ 12 CFR 1024.33

Factual supporting documentation attached in Exhibit 13 pages1-3

Respectfully,
Ili Bartok-Bennett

*Ili Bartok-Bennett* (signature)

(Rev. 07/06)

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

Monetary Compensation for:
Compensatory & Punitive Damages. All forms of Equitable Relief.
Back pay, all fees paid in conjunction of filing of Title Vll Civil Action, to include but not limited to filing fees, cost of mailings, copies etc.

Date: 12-8-16

_Sue Bartels Bennett_
(Plaintiff's Original Signature)

1001 Hanover Street
(Street Address)

Aurora, CO 80010
(City, State, ZIP)

(303) 359-3513
(Telephone Number)